IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-20978
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

Nicholas SANCHEZ

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(H-89-CR-411-4)

---

February 23, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

In March 1990, Sanchez was convicted by a jury of the following offenses: conspiracy to aid and abet in the possession with the intent to distribute cocaine (count one); aiding and abetting the possession of cocaine with the intent to distribute (count three); and money laundering (count four). He was sentenced to 324 months of imprisonment for count one and three, and 240 months for count four, to run concurrently. Sanchez's conviction on count four was reversed on appeal, and he was resentenced in 1992 to 324 months of imprisonment for counts one and three.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In March 1997, Sanchez filed a motion under § 2255 alleging that count one did not state an offense against the United States, his trial and appellate counsel were ineffective for failing to raise the issue, and his appellate counsel was ineffective for failing to tell him of his right to appeal after resentencing. The district court allowed Sanchez to file an out-of-time appeal of his resentencing but denied the motion in all respects otherwise. Sanchez then filed a notice of appeal raising two arguments.

Sanchez's first argument is that the indictment against him was insufficient because there is no such crime as "conspiracy to aid and abet" in the context of drug-trafficking offenses. Sanchez raises this argument for the first time on appeal after his resentencing. A claim that an indictment is so deficient as to deprive the convicting court of jurisdiction is an issue that is cognizable under a § 2255 motion. United States v. Prince, 868 F.2d 1379, 1383 (5th Cir. 1989). However, when such a claim is raised for the first time in a § 2255 habeas petition, the appellate court can "consider the challenge only in exceptional circumstances." Id. at 1384. Furthermore, the indictment is entitled to liberal review in favor of the government and will be held sufficient if "by any reasonable construction" it is understood to charge an offense. Id.

Here, the indictment can easily be understood essentially to charge the offenses of conspiracy and possession. In fact, the jury instructions addressing counts one and three only outlined the definitions of conspiracy and possession without mention of "to aid

2

and abet." Likewise, the original judgment and the one after the resentencing both recite that Sanchez was adjudged guilty of "conspiracy to possess with intent to distribute . . ." and not conspiracy to aid and abet the distribution of cocaine.

Despite the wording of the indictment, it appears as though Sanchez was convicted of conspiracy to possess with the intent to distribute cocaine and with possession of cocaine; both are valid counts in an indictment. We find that Sanchez's challenge regarding the sufficiency of his indictment does not rise to the level of "exceptional circumstances" necessary to sustain a challenge.

Sanchez's second argument is that the district court violated the Due Process and Double Jeopardy Clauses by failing to depart downwardly at the resentencing hearing after his conviction on count four was reversed. The district court's decision not to depart downward was based upon its determination that departure was not warranted on the facts of Sanchez's case. Therefore, this court lacks jurisdiction to review Sanchez's second argument. See United States v. Luqman, 130 F.3d 113, 115 (5th Cir. 1997) (holding trial court's decision to refuse downward departure may not be reviewed if refusal was based trial court's determination that departure is not warranted on the facts of the case).

Accordingly, Sanchez's argument that the indictment was insufficient is DENIED, and his argument about downward departure is DISMISSED for lack of subject-matter jurisdiction.